OPINION
PER CURIAM.
Zainul Abedin appeals from an order of the Board of Immigration Appeals (BIA), which dismissed his appeal of an Immigration Judge’s (IJ’s) final order of removal. We will deny the petition for review.
Zainul Abedin is a native and citizen of Pakistan. He entered the United States as a crewman in 1997 and remained longer than permitted. In 2003 he was placed in removal proceedings, and he applied for asylum and related relief. The Immigration Judge (IJ) found that his asylum application was untimely, but considered him for withholding of removal and protection under the Convention Against Torture (CAT).
In hearings before the IJ, Abedin testified that he is a member of the Pakistan Muslim League-Nawaz Group (PML), and that he joined the party in 1990. He testified that Nawaz Sharif was in power at the time. When his party was not in power, he witnessed his friends being beaten up. He himself was not beaten, because he was in hiding here and there. He testified that if he returned to Pakistan, he believed that members of his party would be arrested. His wife and three children continue to live in Pakistan. He has one son who is a permanent resident of the United States.
The IJ found that Abedin’s testimony that he was an active party member was not credible, as his job as a crewman meant he was often at sea for nine months or more. The IJ found that even if his testimony was credible, it was not clear that he had to leave Pakistan, as his party was in power when he left. The Court *784 noted that Abedin is in poor health, and speculated that it was unlikely he would be actively involved in politics if he returned to Pakistan. The IJ denied relief, but granted voluntary departure.
On appeal, the BIA held that the IJ properly found that Abedin’s asylum application was untimely. The BIA noted that Abedin had not challenged the IJ’s adverse credibility finding on appeal, and found that the IJ properly determined that Abedin had failed to meet his burden of proof for withholding of removal and relief under the CAT. The BIA dismissed the appeal, but granted 60 days voluntary departure. Abedin filed a timely petition for review.
Abedin has not challenged the IJ’s finding that his asylum claim was untimely filed.[1] Thus, we confine our review to the denial of withholding of removal.[2] Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir.2003). We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ’s opinion, we review the IJ’s opinion to determine whether the BIA’s decision to defer to the IJ was appropriate. Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir.2005).
Whereas asylum is discretionary, withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), is mandatory if the applicant meets a more stringent standard — that it is “more likely than not” that he or she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion if deported to his or her home country. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir.2003). An IJ’s adverse credibility determination is reviewed for substantial evidence. See Berishaj v. Ashcroft, 378 F.3d 314, 322-23 (3d Cir.2004). Adverse credibility determinations based on speculation or conjecture are not upheld. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002). Under this standard, this Court upholds an adverse credibility determination unless “any reasonable adjudicator would be compelled to conclude to the contrary.” Id.[3]
Abedin argues that the IJ’s credibility finding was “flawed” because she concluded that Abedin could not have a credible fear of persecution because he left while the party he supported was in power. We agree with Abedin that, although he may not have had a fear of persecution when he left Pakistan, he might have had a credible fear of persecution at a later date, when the Pakistan Muslim League-Nawaz Group was no longer in power. However, the IJ denied relief, at least in part, because she “[did] not find respondent’s testimony credible that he was an active member of the Pakistan Muslim League.” A.R. 46. Abedin did not challenge this finding on appeal to the BIA. The IJ also denied relief because Abedin did not provide corroboration of his claim — he “did not submit any documents to support his statement that he is a member of the PML, Pakistan Muslim League.” A.R. 47. *785 The IJ noted that Abedin had been in immigration proceedings for three years, and thus could have obtained the documents, which he said he had left “at home.” A.R. 47; A.R. 127.[4] Our review of the record does not compel us to find that Abedin established through credible testimony or documentary evidence that he was an active member of the PML.
Abedin also argues that the IJ erred in determining, without record support, that Abedin was not likely to participate in politics if he returned to Pakistan. It is true that Abedin was not specifically asked whether he would participate in politics in Pakistan; however, it was of course his burden to establish why he would fear returning to Pakistan. Abedin’s only evidence in support of his fear of future persecution was his vague statement that people who belong to the PML and people who speak against General Musharraf will get arrested. A.R. 123. That statement does not compel us to find that Abedin will face persecution, particularly when coupled with the finding that Abedin did not credibly establish that he had been active in politics before he left Pakistan. We also find that the IJ did not err in considering the fact that Abedin, who had been in poor health in the United States, was unlikely to engage in political activity in Pakistan. A.R. 47. Because Abedin did not credibly establish that it was more likely than not that he would be persecuted in Pakistan, we will deny his petition for review.[5]

. In any event, absent a constitutional claim or question of law, we lack jurisdiction to review a determination regarding the timeliness of an asylum application or the existence of changed or extraordinary circumstances justifying late filing. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir.2006).

. Because Abedin has not challenged the finding that he was ineligible for protection under the CAT, his claim is waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004).

. The provisions of the Real ID Act of 2005 concerning the Court's review of an adverse credibility finding do not apply in this case because Abedin applied for relief before the Act's effective date. See Kaita v. Attorney General of the United States, 522 F.3d 288, 296 (3d Cir.2008).

. It appears that Abedin meant he left the documents in Pakistan. He noted that he has contact with his wife in Pakistan. A.R. 123.

. We decline Abedin's invitation to take judicial notice of changed country conditions in Pakistan, as our review is confined to the administrative record before us. 8 U.S.C. § 1252(b)(4)(A); Berishaj v. Ashcroft, 378 F.3d 314, 330 (3d Cir.2004). We further cannot consider his claim that the attorney who represented him before the IJ was ineffective, as he did not raise the claim before the BIA. 8 U.S.C. § 1252(d)(1).